Common Pleas Court of Wood County.

IN RE LIQUIDATION OF COMMERCIAL BANK & SAVINGS CO.

Decided August 30, 1933.

*Lester D. Hill*, for complainant.
*J. E. Kelley*, for respondents.

CONN, J.

This matter is before the court on charges of contempt, citing into this court Ira J. Fulton, as superintendent of banks of Ohio, and William Dunipace, liquidating agent of The Commercial Bank & Savings Company of this city, to show cause.

It is alleged in the complaint that said liquidating agents have wilfully violated a former order and judgment of this court, entered as of the 21st day of March 1933, in that said parties wilfully failed and refused to sell the livestock purchased with the funds of said bank, and further that they have purchased additional stock and feed, and made repairs on buildings, and have failed to make an accounting in this court, as previously ordered, of live stock purchases and sales.

A demurrer was filed to said motion and order, and same was overruled; thereupon said liquidating agents filed a joint answer denying generally the several charges and allegations made. Said complaint was submitted on the pleadings and oral testimony offered in support of same and the arguments of counsel.

It is claimed by said liquidating agents that the evidence adduced herein does not show any wilful violation of the

former order of this court, and it is further claimed that the acts and things complained of against said liquidating agents were well within the authority conferred under the provisions of the banking code of Ohio, as amended by the Baker Act, being House Bill No. 661 and passed as an emergency measure by the General Assembly of this state, effective as of the 31st day of March 1933. Counsel for the motion and order of citation contends that the proceedings to liquidate said bank had been begun prior to the effective date of said amendment and that by virtue of Section 26, General Code, said proceedings are in no wise affected thereby. So far as the matter of accounting is concerned, the evidence shows that some of the live stock as yet remains unsold. In view of the conclusions we have reached, the other acts and things complained of appear to be within the lawful authority of said liquidating agents. We shall briefly state the basis for our conclusions. Section 26, General Code, provides as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy it shall not affect pending actions, prosecutions or proceedings unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The amendment being remedial in character, we are concerned with that part of said act only which reads:

"and when the repeal or amendment relates to the remedy it shall not affect pending actions, prosecutions or proceedings, unless so expressed."

It has been determined by the courts of this state that Section 26, General Code, prescribes a rule of legislative interpretation and is not to be considered as a part of any amended statute, unless said amendment expressly so provides, and that by reason of the provisions of said section, amendments and repeals do not have a retroactive effect without an express provision in the amendment to that end.

An examination of the several provisions contained in the amending statute discloses that the Legislature has not expressly provided that the provisions therein shall be applicable to banks in process of liquidation on and after the effective date of the Act. The provisions in Section 3 of the amendment which declare the act to be an emergency law, and which expressly state the reasons for such action, are not sufficient to make the amendment applicable to pending provisions. *State ex rel*, v. *Zangerle, Auditor,* 101 O. S. 235. The main question to be determined is whether or not the action of the State Banking Department in taking over and liquidating said bank amount to "an action or proceeding" within the meaning of said Section 26, General Code. From our examination of the authorities, it seems quite clear that the taking over of a bank by the state banking department is a proceeding, or proceedings.

However, the several steps as outlined in the banking code, as amended, while successive in character, are in the main separate and independent, and therefore the administrative provisions cannot be regarded as a single proceeding. We feel that this is apparent from an examination of the several provisions of the banking code. We call attention to one or more for the purpose of clarity. Section 710-92, General Code, authorizes the superintendent of banks to reject a claim in whole or in part where he doubts the validity thereof, and any person who is aggrieved thereby shall bring an action within three months, or be forever barred.

Section 710-93, General Code, authorizes the superintendent of banks to make an inventory of the assets of such bank and among other things give notice of the filing of the same, thereby calling upon all persons objecting to any claim to present their objections. In event no objections are filed within fifteen days after the second publication, his claim or claims so listed shall be considered correct and all persons shall be forever barred from objecting to same.

We also call attention to the several provisions contained in Section 710-95, General Code, and the provisions therein respecting the power and authority of the superintendent of banks, all of which are separate in character, including

the provision enabling the superintendent to ask for instructions of the court, or a judge thereof, as to the manner in which he should exercise his powers and discretion. While this section also provides that no order of the Common Pleas Court shall be a final order, it is provided that an independent suit may be filed not later than five days after said order is entered by any person deeming himself aggrieved.

Section 710-97, General Code, provides among other things that all suits and proceedings by the superintendent of banks under the authority of law, shall be brought in the name of the state upon his relation; the language here indicating separate and independent action.

Section 710-98, of the amended Code provides for filing claims for preference with the superintendent of banks within three months after the last publication of notice as required in Section 710-90, General Code, and that if not so filed the owner or owners thereof shall be forever barred from asserting same as a preferred claim.

From the varied and numerous provisions of the banking code as amended including those referred to above, it seems quite clear that the several steps required to be taken by the superintendent of banks, upon taking possession of a bank and liquidating the same, cannot be regarded as a single proceeding, and it follows that all the acts prescribed to be taken subsequently to the effective date of the amendment are regulated and governed by the remedial provisions contained in the amendatory act.

We feel that our conclusions are strengthened by the holding of the Court of Appeals of Franklin county in the case of *Industrial Commission* v. *Adams*, decided February 21, 1933. [O. L. B. & R. October 16, 1933]. In this case the Court of Appeals held that where an employee had been granted full compensation and where the commission thereafter had instituted a further inquiry after a statutory amendment, that such further inquiry was a new proceeding and therefore governed by the amended statute. We quote from the opinion on page 66:

"We hold to the view and think the authorities sustain the conclusion that the proceeding which culminated in an

order against the claimant was after the amendment of 1925 and would be controlled by the present provisions of said Section 1465-90, General Code.

"While it is true the injury, presentation of claim and allowance thereof occurred prior to the amendment, yet the claimant made no objections to any orders then made. When the commission instituted a further inquiry which resulted in a determination the claimant had been fully compensated, this would be a new proceeding and since the date was after the amendment the present act would control."

It is well established that the legislative intent when ascertainable is the primary consideration in the construction of legislative enactments. The act amending the banking code clearly shows throughout that the legislature intended to broaden the powers and extend the authority of the superintendent of banks in the administration of his office, and that the additional power and authority should be immediately available, both with respect to banks then closed as well as those which may be closed following its enactment.

The charges not having been sustained, the complaint is dismissed.